UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAVIER CRUZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-691-CCB-SJF |

**ORDER**

Immigration detainee Javier Cruz, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that the government has wrongfully concluded that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) while his removal proceedings are pending. He seeks an order requiring that he be immediately released from custody or, alternatively, provided a bond hearing pursuant to 8 U.S.C. § 1226(a). When he filed the petition, he was being detained at Miami Correctional Facility. However, the Warden has filed a status report stating Mr. Cruz was removed from the country on June 11, 2026. Based on this development, the Warden requests that Mr. Cruz's habeas petition be dismissed as moot.

"For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated." *Brown v. Bartholomew Consol. Sch. Corp*., 442 F.3d 588, 596 (7th Cir. 2006)). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*,

523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted). Here, the court can no longer grant Mr. Cruz the relief he seeks, because he has departed the country and is no longer in custody. *See Cedeno-Gonzalez v. Mullin*, No. 25-3186, 2026 WL 2269139, 2 (7th Cir. Aug. 6, 2026) (immigration habeas petitioner's claims concerning his detention were moot upon his removal to Mexico). It is Mr. Cruz's burden as the party invoking federal jurisdiction to establish that the court's jurisdiction remains secure. *Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir. 1993). He has not responded to the status report or provided any reason to suggest that the court retains jurisdiction over his petition challenging his detention after his departure from the United States. Therefore, the petition will be dismissed as moot.

Accordingly, the court **DISMISSES** the petition [2] as **MOOT** and **DIRECTS** the clerk to close this case.

SO ORDERED on September 2, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT